UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DONELL RED BEAR, INDIVIDUALLY, AND AS SPECIAL ADMINISTRATOR/PERSONAL REPRESENTATIVE FOR THE ESTATE OF L.R.B., DECEASED, AND AS GUARDIAN AD LITEM OF A.R.B., A MINOR; | 5:23-CV-05083-ECS |
| Plaintiffs, | |
| vs. | OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT AND EXTENDING TIME TO ANSWER |
| JACOB ELIJAH JUMPER, | |
| Defendant. | |

I.    Background

On November 27, 2023, Donell Red Bear, individually, and as Special

Administrator/Personal Representative for the Estate of L.R.B., deceased, and as Guardian Ad

Litem of A.R.B., a minor, ("Plaintiffs") sued Jacob Elijah Jumper ("Defendant") for damages

arising from an August 21, 2023 car crash.  Doc. 1.  Plaintiffs allege negligence, wrongful death,

bystander, and punitive damage claims.  Id. at 2–8.  Defendant was personally served on

December 4, 2023.  Doc. 3.  Defendant did not file a timely answer.  On January 3, 2024,

Plaintiffs filed a Motion for Entry of Default and for Default Judgment.  Doc. 4.  The next week,

the clerk entered default against Defendant but denied a default judgment.  Doc. 7.  On February

20, 2024, Defendant's attorney noticed his appearance.  Doc. 8.  Two weeks later, Defendant

filed a Motion to Set Aside Default Judgment[1] and Enlarge Time to Answer Complaint ("Motion to Set Aside Default"). Doc. 9.

Defendant contends his motion should be granted because his neglect is excusable, he has a meritorious defense, and Plaintiffs will not suffer prejudice if his motion is granted. Doc. 10 at 2–4. Plaintiffs oppose Defendant's motion on all grounds. Doc. 12 at 6–9.

## II.    Discussion

### A.  Motion to Set Aside Default

"The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c); Johnson v. Leonard, 929 F.3d 569, 573 (8th Cir. 2019). "To determine whether good cause exists, this [C]ourt considers the: (1) blameworthiness or culpability of the defaulting party; (2) existence of a meritorious defense; and (3) prejudice to the other party by setting aside default." Leonard, 929 F.3d at 573 (citing Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998)).

### 1.  Blame and Culpability

A defaulting party is considered blameworthy or culpable if the default resulted from "contumacious or intentional delay or disregard for deadlines and procedural rules." Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998). The Eighth Circuit has found that mistakes such as faulty record-keeping, forwarding the complaint to the incorrect person, and poor communication do not amount to blameworthy or culpable behavior. See Union Pac. R.R. Co. v. Progress Rail Servs. Corp., 256 F.3d 781, 782 (8th Cir. 2001) (setting aside default judgment when default was due to faulty record-keeping); U.S. ex rel. Shaver v. Lucas W. Corp.,

---

[1] Defendant's Motion asks the Court to set aside "default judgment." The Court construes Defendant's filing as a request to set aside the Clerk's Entry of Default, Doc. 7, and deny any attempt by Plaintiffs to seek a default judgment.

237 F.3d 932, 933 (8th Cir. 2001) (setting aside entry of default when complaint was accidentally delivered to the incorrect person); Johnson, 140 F.3d at 784 (setting aside entry of default when default was attributable to poor communication).

Defendant was personally served on December 4, 2023. Doc. 3. Thus, Defendant's answer was due no later than December 26, 2024. See Fed. R. Civ. P 12(a)(1)(A)(i). Defendant claims he called Cassie Wendt, who was his attorney on a criminal case related to this incident, and provided her with copies of the Summons and Complaint. Doc. 11 ¶ 4. Wendt first told Defendant "she did not practice this type of law" but "would assist in getting an appropriate attorney to represent [him]."[2] Id. ¶ 5. Defendant tried to contact Wendt for updates but failed to get ahold of her until January 4, 2024, when Wendt informed Defendant that an answer had not been filed and provided Defendant names of attorneys who could assist him. Id. ¶¶ 6–7. Defendant then immediately reached out to several attorneys for assistance but could not retain one. Id. ¶ 8. Defendant eventually reached out to his insurer, State Farm, who retained counsel for him under a reservation rights. Id. ¶¶ 9–10. Ultimately, Defendant thought he had initially retained counsel in Wendt but sought other counsel once he realized an answer was not filed for him. Id. ¶¶ 7, 12.

Plaintiffs contend that State Farm was on notice of the lawsuit against Defendant on December 21, 2023. Docs. 14, 14-3. They claim that they communicated with a claims adjustor about the case. Docs. 14, 14-3. Even so, whether State Farm had notice of the proceeding is irrelevant to whether Defendant was blameworthy or culpable for the delay in these proceedings.

---

[2] Based on Defendant's affidavit, Wendt neither agreed nor implied she would be counsel for him.

Ultimately, the Court believes this is not a case of "contumacious or intentional delay or disregard for deadlines and procedural rules" and is instead a "marginal failure" to meet the deadline based on "poor communication" between Defendant, Wendt, and State Farm.  Johnson, 140 F.3d at 784; see also Shaver, 237 F.3d at 933 ("motion to set aside clerk's entry of default is subject to even more lenient 'good cause' standard than is motion to set aside default judgment entered by court." (citing Johnson v. Dayton Elec. Mfg. Co., 140 F.3d at 784)).  Defendant's conduct favors granting his Motion to Set Aside Default.

### 2. Meritorious Defense

A meritorious defense exists when "the proffered evidence 'would permit a finding for the defaulting party.'"  Johnson, 140 F.3d at 785 (noting that the evidence need not be undisputed) (quoting Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988)).

Defendant claims he has a meritorious defense to Plaintiffs' allegations against him. Docs. 10 at 4, 11 at 3.  He claims that he denies hitting "[P]laintiffs' vehicle more than one time." Doc. 10 at 4.  While Defendant's defenses are not articulated in great detail, given the nature of this personal injury case, Defendant's statement on the nature of the accident raises issues on causation and damages.  More importantly, Defendant appeared and desires to contest this action.  See Sturgis Area Chamber of Com. v. Little Sturgis Rally & Races for Charity, Inc., No. CIV. 08-5024, 2009 WL 10722464, at *2 (D.S.D. May 19, 2009)  ("Where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits." (citing Lee v. Brotherhood of Maint. of Way Employees, 139 F.R.D. 376, 380 (D. Minn. 1991) (additional citation omitted)).

4

Another factor for this Court to consider is that Plaintiffs asked for a substantial default judgment of $6 million.  Doc. 5 at 3; see also Park Place Dev. LLC v. Hightower, No. 20-CV-1411, 2021 WL 1943283, at *1 (E.D. Ark. Apr. 21, 2021) ("There is a strong public policy, supported by concepts of fundamental fairness, in favor of trial on the merits . . . particularly when the monetary damages sought are substantial." (quoting Swink v. City of Pagedale, 810 F.2d 791, 793 n.2 (8th Cir. 1987) (internal citation omitted)).  Given Defendant's appearance and intent to contest this case and the substantial amount of damages sought by Plaintiffs, the Court finds the meritorious defense factor weighs slightly in favor of granting his Motion to Set Aside Default.

### 3. Prejudice

Plaintiffs claim they "would be prejudiced if Defendant and his defense counsel were successful to challenge facts of the accident/collision itself, based upon speculation by Defendant or his attorney, about facts he has apparently already indicated [he] had 'little memory' about in the past."  Doc. 12 at 7–8 (citing Doc. 14-1 at 3).

"Prejudice requires a concrete harm, like 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" Leonard, 929 F.3d at 574 (quoting Johnson, 140 F.3d at 785).  On the other hand, "delay alone, or the fact the defaulting party would be permitted to defend on the merits, are insufficient grounds to establish the requisite prejudice to the plaintiff." Stephenson, 524 F.3d at 915 (quoting Johnson, 140 F.3d at 785).

The Court cannot definitively determine, given the youthful nature of this case, that Plaintiffs will suffer prejudice if the Court sets aside the Clerk's entry of default.  Thus, the prejudice factor weighs in Defendant's favor.

"[E]ntry of judgment by default is a drastic remedy which should only be used in extreme situations." <u>Sturgis Area Chamber of Com.</u>, 2009 WL 10722464, at *2 (quoting <u>Wendt v. Pratt</u>, 154 F.R.D. 229, 230 (D. Minn. 1994)).  The situation before the Court is not worthy of such a drastic remedy.  The Court's finding of good cause is based on the substantial amount of damages sought by Plaintiffs, Defendant's intent to contest the case on the merits, Defendant's lack of blame, and the lack of prejudice to Plaintiffs.  Accordingly, the Court grants Defendant's Motion to Set Aside Default.  Doc. 9.

**B. Motion to Enlarge Time to Answer Complaint**

This Court "'may, for good cause, extend the time' on a party's motion 'after the time has expired if the party failed to act because of excusable neglect.'" <u>Spirit Lake Tribe v. Jaeger</u>, 5 F.4th 849, 854 (8th Cir. 2021) (quoting Fed. R. Civ. Pro. 6(b)(1)(B)).  Based on the finding of good cause above, Defendant's Motion to Enlarge Time to Answer Complaint, Doc. 9, should also be granted.

**III.   Order**

For the above reasons, and the record as it now exists before this Court, it is

ORDERED that Defendant's Motion to Set Aside Default Judgment and Enlarge Time to Answer Complaint, Doc. 9, is granted.  It is further

ORDERED that the Clerk's Entry of Default, Doc. 7, is set aside.

ORDERED that Defendant file an answer on or before October 7, 2024.

DATED this 30th day of September, 2024.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

6